UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

               Plaintiff,

v.

WELLPATH HEALTHCARE, *et al.*,

               Defendants.

_____/

Civil Action No.: 26-10863

Terrence G. Berg
United States District Judge

David R. Grand
United States Magistrate Judge

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 14)

On June 9, 2026, *pro se* plaintiff Lamar Burton ("Burton"), an inmate of the Michigan Department of Corrections ("MDOC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against numerous employees of the Macomb County Jail for alleged violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional rights along with the equal.  (ECF No. 1).  More specifically, Burton alleges that he was initially given the incorrect medication by a nurse, and when Burton questioned why "one of his pills don't look as before, nurse Dell then told [him] the pill may be a generic pill…and to just take the medication…" (*Id.*, PageID.2). Burton then claims he began experiencing symptoms such as chest pains, dizziness, and anxiety moments after taking the medication, and after being escorted to healthcare and examined, he was taken back to his cell for rest. (*Id.*, PageID.2). Burton alleges he became "very dizzy/lightheaded and fell from the top bunk hitting his head causing him to have a seizure." (*Id.*, PageID.2). Burton claims after being put in a wheelchair and returned to healthcare, he was placed "into an

unsanitary cell that had old food all over the floor's [sic] and walls…the mattress he was place[d] into had dried up feces…" (*Id.*, PageID.2). Burton claims he asked an unknown nurse and "deputy Smith" to honor his detail for a bottom bunk when being escorted back to his cell from healthcare, but that he was returned to his same cell and top bunk. (*Id.*, PageID.2).

On May 27, 2026, Burton filed a motion to appoint counsel.  (ECF No. 14).  In relevant part, he outlines eight reasons in support of his motion:

- He is unable to afford counsel;

- Not having an attorney "will greatly limit his ability to litigate" because "[t]he issues involved in this case are some what complex, and will require significant research and investigation";

- He "has limited access to the law library and limited knowledge of the law";

- "[A] trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses";

- "[T]his case require[s] investigation that [he] will not be able to do because of imprisonment";

- "[E]xpert testimony will be needed";

- "[T]his case will be going to trial"; and

- He "has made many efforts to obtain counsel before coming to prison December 9, 2025."

(*Id.*, PageID.73).

Pursuant to 28 U.S.C. §1915, "[t]he court ***may*** request an attorney to represent any

person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

Having reviewed Burton's motion and other filings, and considering the relevant factors, the Court finds that he has not shown "exceptional circumstances" meriting the appointment of counsel.  *See Richmond v. Settles*, 450 F. App'x 448, 450 (6th Cir. 2011) (finding that district court did not abuse its discretion in denying inmate plaintiff's Motion for Appointment of Counsel, considering the plaintiff's "inability to afford counsel, his limited access to a law library, and his limited knowledge of the law."); *see, e.g., Stewart v. United States*, 2017 WL 939197, at *1 (W.D. Tenn. Mar. 7, 2017) (finding appointment of counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'... Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation"). *Dearing v. Mahalma*, No. 1:11-CV-204, 2012 WL 524438, at *1 (S.D. Ohio Feb. 16, 2012) ("Plaintiff's case is no more complex than other claims filed by pro se prisoners each year, and despite his alleged mental illness, Plaintiff has sufficiently articulated his claims and has pursued an active motion practice.").  Although Burton's history of mental health

3

challenges is well-documented, as shown in his complaint and attached exhibits (most notably his presentence investigation and presentence investigation update report, ECF No.1, PageID.35-38), he is able to adequately articulate the basis of his action, and he appears capable of understanding the issues and advocating for himself.   Indeed, his complaint provides details of the events underlying his claims, including what happened in the medication line, how the allegedly incorrect medication impacted him, and how staff responded to his complaints.   (*Id.*, PageID.2-4).   The Court also notes that Burton's complaint includes numerous exhibits, including detailed grievances made to prison staff, as well as multiple FOIA requests (*Id.*, PageID.6-39).

None of the eight specific reasons Burton provides as to why he believes he needs counsel satisfy his burden.   As stated above, neither Burton's inability to afford counsel, his limited access to a law library, nor his limited knowledge of the law constitute "exceptional circumstances" warranting the appointment of counsel. Moreover, contrary to Burton's assertion, the issues in this case are not overly complex, and he was able in his complaint to articulate the alleged facts that underlie his various claims.   Burton's assertion that the appointment of counsel is necessary because the "case will be going to trial" is flawed; this case is in its infancy and may or may not ever reach that stage.   Finally, Burton has not shown an inability – should this case proceed through discovery – to obtain the information he will need to prosecute the case; indeed, Burton would be able to utilize the same procedures authorized by the Federal Rules for obtaining discovery that an attorney could utilize.

For all of these reasons, **IT IS ORDERED** that Burton's motion for appointment of

4

counsel **(ECF No. 14)** is **DENIED WITHOUT PREJUDICE**. Should Burton's case survive substantive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time. And, even if such a renewed motion is denied, arrangements would be made for Burton to represent himself at trial.

Dated: June 18, 2026                                      /s David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2026.

                                                                   /s Eddrey O. Butts
                                                                   EDDREY O. BUTTS
                                                                   Case Manager

5